# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2022 DEC 21  P 12: 18

CLK _Cmlk_

**MS. JOHNNIE MARENE THOMAS, PRO-SE**

### PLAINTIFF,

CV222-147

**VS.**                                     CASE NO. _____

**JOHN S MYERS**
**IN A INDIVIDUAL CAPACITY**

### DEFENDANT

## PLAINTIFF CIVIL COMPLAINT
## AUTHORITY: FED. R. CIV. P 38 (A) & (B)
## DEMAND FOR JURY TRIAL

    **PLAINTIFF MS. JOHNNIE MARENE THOMAS, representing herself in pursuant to 28 U.S.C. 1654 sues Defendant JOHN S MYERS, unlawful "administrator" of the estate of IRENE D. THOMAS,**

1.  This is a claim for damages that exceed Fifty Thousand dollars ($50,000.00) and to redress violation of Plaintiff's rights under the United States Constitution and more particularly the DUE PROCESS clause of the fourteenth (14th) Amendment protect the people from arbitrary deprivation of life, liberty and property without DUE PROCESS of LAW.  See case law <u>Deshaney v. Winnebago County Department of Social Services, 489 U.S. pages 189 and 196, (1993)</u> Plaintiff Personal Rights were violated, as stated in Twombly this complaint meets the requirement case law <u>Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007)</u>, the complaint is plausible on its face.  John S. Myers is a state actor.

---

## JURISDICTION

THIS COURT has jurisdiction over this action pursuant to 28 U.S.C. Sec. 1331 of the United States Constitution tort.

At all time material to this action, JOHN S. MYERS, the "UNLAWFUL ADMINISTRATOR" is an employee of the State of Georgia AND he is the Camden County Attorney.

## PLAINTIFF  CAUSE OF ACTION

**JOHN S MYERS**, was appointed the *"Administrator"* of **IRENE D THOMAS ESTATE "UNLAWFULLY"** on December 5, 2018.  THIS COURT must note that ***LAWFUL HEIR (ME), MS JOHNNIE MARENE THOMAS***, **NEVER** elected Attorney John S. Myers, to become the administrator of my deceased belated IRENE C. DERRY THOMAS' estate on December 5, 2018 ***nor*** any other time before or after that date.  **THAT ACT was unconstitutional in pursuant to THE OFFICIAL GEORGIA PROBATE CODE. (see Exhibit A)**

By this action attorney John S. Myers did not have any authority to become eligible to be the administrator by law.  There is no qualified immunity available *to a defendant sued in his individual capacities*. County Employees may be found **liable. The action taken clearly violated established Federal Constitutional Law (see case law: Harlow v. Fitzgerald, 457 U.S.C. 800-818 N 32 (1982).**

Therefore, THIS COURT must note the unconstitutional act of appointing JOHN S MYERS as the administrator of  the belated IRENE C.D. THOMAS' estate by Judge Robert C Sweatt, Jr. on December 5, 2018 *is UNCONSTITUTIONAL*.

## RELIEF

**WHEREFORE,** PLAINTIFF MS. JOHNNIE MARENE THOMAS, due hereby request the following from Attorney John S. Myers., in his individual and personal capacity for all of the emotional pain, mental anguish, humiliation, inconvenience, loss of pride and other damages subjected upon me, in the amount of FIFTY-MILLION DOLLARS ($50,000,000.00) and FIFTY-MILLION DOLLARS ($50,000,000.00) for punitive

damage. I am requesting a jury trial of my peers and a *permanent injunction to bar* attorney John S Myers for ever being the administrator of my belated Mother's Irene D Thomas' Estate.

## CITATION OF AUTHORITIES

### 1. The Amendment 14, Sec., United States Constitution

Amendment XIV

Section 1.

**All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.**

### 2. Article 1 - 53.2.1 Sec. (3) of the Georgia Probate Code

**2014 Georgia Code**

**Title 53 - WILLS, TRUSTS, AND ADMINISTRATION OF ESTATES**

**Chapter 2 - DESCENT AND DISTRIBUTION**

**Article 1 - GENERAL PROVISIONS**

**§ 53-2-1 - Rules of inheritance when decedent dies without will; effect of abandonment of child**

**Universal Citation: GA Code § 53-2-1 (2014)**

**(a) As used in this Code section, the term:**

**(3) Children of the decedent are in the first degree, and those who survive the decedent shall share the estate equally, with the descendants of any**

**deceased child taking, per stirpes, the share that child would have taken if in life;**

Respectfully Submitted,

MS JOHNNIE MARENE THOMAS, PRO-SE
1601 GA HWY 40-E, STE M-235
Kingsland, GA 31548
404-981-1987

12/21/22
Date

Attached:
**EXHIBIT A:**
- Dated August 29, 2018 from Vincent D Sowerby, RE: Petition to Appoint Administrator for the Estate of Irene D. Thomas (2 pages)

**EXHIBIT B:**
- Dated/SO ORDERED 19th February 2020 by Robert C. Sweatt, Jr. Probate Judge, RE: Motion to Replace Administrator and/or for Contempt (3 pages)

**EXHIBIT C:**
- Dated September 15, 2020 from Vincent D. Sowerby, RE: Estate of Irene D. Thomas (3 pages)

**EXHIBIT D:**
- Dated/SO ORDERED 3rd November, 2020 by Robert C. Sweatt, Jr., Probate Judge, RE: NOTICE OF HEARING: Petition for Letters of Administration; Motion to Replace Administrator and for Contempt; Objection (1 page)

**EXHIBIT E:**
- DATED AUGUST 31, 2022 JUDGE SWEATT'S FINAL ORDER which also includes RELEASING JOHN MYERS FROM FURTHER OBLIGATIONS REGARDING IRENE D THOMAS ESTATE (4 pages)

**EXHIBIT F:**
- Dated 30th November 2022 from Vincent D Sowerby, RE: AMENDED AND RECASE MOTION REGARDING ADMINISTRATOR (6 pages)

# EXHIBIT A

- Dated August 29, 2018 from Vincent D Sowerby, RE: Petition to Appoint Administrator for the Estate of Irene D. Thomas (2 pages)



P.O. Box 539
Brunswick, GA 31521-0539

*Physical Location*
401-A "G" Street
Brunswick, GA 31520

Tel: 912-280-0330
Fax: 912-280-0331                    E-mail: vince@sowerbylaw.com

August 29, 2018

Johnnie M. Thomas-Duchene
P.O. Box 127
Woodbine, GTA 31569

    RE: Petition to Appoint Administrator for the Estate of Irene D. Thomas

Dear Ms. Thomas-Duchene:

    Enclosed please find a photocopy of a petition in which your brother is asking that you be appointed to be the administrator of your mother's estate. Also enclosed is a page entitled "Selection By Heirs" by which you may consent to yourself being appointed as administratrix[1]. Of options a, b and c, you can see that your brother has selected option b, which waives the requirement of a bond, but still requires you to make the usual reports to the court.

    If you agree, please sign, notarize and return to me and I will get it filed. If you do not agree, please let me know that as well.

    With best regards,

                    Sincerely,

                    Vincent D. Sowerby

Encl.
C: Client, by email

*EXHIBIT A*
*PG. 1*

---

[1] "Administratrix" is the feminine of "Administrator", a lesson I learned in a most embarrassing way on the first day of law school.

RE: Irene D. Thomas                      No. 2018P158


## NOTICE OF HEARING


WHEREAS a **Petition for Letters of Administration** was filed in this court by Alvin Thomas, on October 1, 2018;

WHEREAS an **Motion to Replace Administrator and for Contempt** was filed in this court by Alvin D. Thomas, on February 6, 2020;

WHEREAS an **Objection** to Appointment of Johnnie Thomas as Administratrix was filed in this Court by Alvin Thomas, on March 20, 2020


Therefore, it is the Order of the Court that **ALL PARTIES,** be present at the hearing on Tuesday, December 8⁺⁺, 2020 at 11:00 a.m. at the Probate Court Courtroom, Camden County Courthouse, 210 East 4⁺ Street, Woodbine, Georgia


**SO ORDERED THIS** 3rd day of November, 2020


_____
Robert C. Sweatt, Jr.
Probate Judge

*Exhibit A
Pg 2*

# EXHIBIT B

- Dated/SO ORDERED 19th February 2020 by Robert C. Sweatt, Jr. Probate Judge, RE: Motion to Replace Administrator and/or for Contempt (3 pages)

RE: Irene D. Thomas                                    No. 2018P158

## NOTICE OF HEARING

WHEREAS a **Motion to Replace Administrator and/or for Contempt** was filed in this court by Alvin D. Thomas, February 06, 2020;

Therefore, it is the Order of the Court that **ALL PARTIES,** be present at the hearing on Tuesday, March 17, 2020 at 10:00 a.m. at the Probate Court Courtroom, Camden County Courthouse, 210 East 4th Street, Woodbine, Georgia

**SO ORDERED THIS** 19th day of February, 2020

Robert C. Sweatt, Jr.
Probate Judge
Camden County, Georgia

25    February    20

*EXHIBIT B*
*PG 1*

IN THE PROBATE COURT OF CAMDEN COUNTY
STATE OF GEORGIA

IN RE:  ESTATE OF IRENE D. THOMAS, Deceased.

Case No.: 2019P158

---

## MOTION TO REPLACE ADMINISTRATOR AND / OR FOR CONTEMPT

Alvin D. Thomas, heir of the decedent Irene Thomas, moves the court to hjold John Myers in contempt for violation of the order requiring him to file an inventory as he still has yet to file one and for the appointment of an administrator who will actually administer the estate and makes the same factual showing he made in his last motion, to wit:

1.  Movant petitioned the court to appoint an administrator for the estate of his mother a year ago on October 1, 2018.  The petition was granted and John S. Myers was appointed on December 5, 2018.

2.  The order of appointment did not waive the filing of reports, returns and inventories.

3.  Pursuant to O.C.C A. §53-7-30, the administrator should have filed the inventory within six months  or by June 5, 2019.  No inventory has been provided to Movant or to undersigned counsel, despite the order of October 24, 2019 requiring him to file one within 60 days.

4.  Movant has not waived his right to receive the inventory pursuant to O.C.G.A. §53-7-32.

*EXHIBIT B*
*Pg 2*

decedent and of the actions of his sister, Johnnie M. Thomas-Duchene, in appropriating to her own use and benefit assets and income of the estate, but to Movant's knowledge nothing has been done to secure these assets or recover the income.

WHEREFORE, Alvin Thomas moves for an order holding Mr. Myers in contempt of court, to account for his actions and inactions as administrator, to file an inventory and to remove him and appoint someone who will actually administer the estate.

This 4th day of February, 2020.

Vincent D. Sowerby
Attorney for Alvin Thomas
Ga. Bar No: 668750

P.O. Box 539
Brunswick, GA 31521-0539
Tel: 912-280-0330
Fax: 912-280-0331
vince@sowerbylaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel in the foregoing matter with a copy of the foregoing pleading, by depositing same in the United States mail with adequate postage affixed thereto, properly addressed to:
 - John S. Myers, County Attorney, P.O.Box 99, 200 East Fourth Street, Woodbine, Georgia 31569
 - Johnnie M. Thomas-Duchene, P.O. Box 127, Woodbine, GA 31569
This 4th   day of February, 2020.

Vincent D. Sowerby

EXHIBIT B
PG 3

# EXHIBIT C

- Dated September 15, 2020 from Vincent D. Sowerby, RE: Estate of Irene D. Thomas (3 pages)



*Mailing Address*
P.O. Box 539
Brunswick, GA 31521-0539

*Physical Location*
401-A "G" Street
Brunswick, GA 31520

Tel: 912-280-0330
Fax: 912-280-0331                  E-mail: vince@sowerbylaw.com

September 15, 2020

Hon. Robert Sweatt, Jr.
Probate Court of Camden County
Post Office Box 818
Woodbine, GA 31569-818

        RE: Estate of Irene D. Thomas

Dear Judge Sweatt:

        My client is understandably concerned that his mother's estate is being pilfered by his sister, Johnnie Thomas, and mismanaged by Administrator John Myers. He has objected to the appointment of his sister as administratrix and has moved for an order commanding Mr. Myers to make an accounting. He has not done so. My client has moved to have Mr. Myers replaced with another administrator.

        Nothing was happening on this estate before the pandemic and nothing is happening now. As an heir of the decedent, he is relying upon the court to make something happen. Please do so.

        With best regards,

                            Sincerely,

                            Vincent D. Sowerby

C: John Myers
   Johnnie Thomas
   Alvin Thomas

*EXHIBIT C*
*Pg 1*

IN RE:  ESTATE OF IRENE D. THOMAS, Deceased.

Case No.: 2019P158

---

## **OBJECTION TO**

## **APPOINTMENT OF JOHNNIE THOMAS AS ADMINISTRATRIX**

Alvin Thomas objects to the appointment of his sister, Johnnie Thomas, as Administratrix of the estate as she has converted the assets of the estate to her own use and benefit.  She has been living in the house in Woodbine owned by the decedent without paying rent.  Alvin Thomas is aware that the decedent had other real properties, namely 3130 Wedgewood Drive and 3121 Wedgewood Drive, both in Macon, Georgia, and shows, upon information and belief, that she has rented both properties, received the rent for her own use and benefit with the assistance of a company named Willingham Realty (540 Mulberry Street, Macon, GA. 31201).  Alvin Thomas further shows that Johnnie Thomas was in control of the decedent's affairs at the time of her death and that she had, or should have had, various retirement and other financial accounts and owned vehicles.  She has refused to communicate with him and has intentionally concealed her activities with respect to their mother's assets from him.

Alvin Thomas further shows that he provided this information to John Myers, who does not appear to have taken any action whatsoever to marshall the assets of the estate, to ascertain its condition or even to make the slightest inquiry of Johnnie Thomas'

*EXHIBIT C*
*pg 2*

that the appointment of Johnnie Thomas as administratrix will place the fox in charge of the henhouse.

Alvin Thomas prays that the court appoint an administrator, preferably an attorney, who will actually administer the estate and hold Johnnie Thomas accountable or, alternatively, compel John Myers, via citation for contempt of court, to do the job for which he accepts compensation from the county, presumably is bonded, and was duly appointed.

This 18th day of March, 2020.

Vincent D. Sowerby
Attorney for Alvin Thomas
Ga. Bar No: 668750

P.O. Box 539
Brunswick, GA 31521-0539
Tel: 912-280-0330
Fax: 912-280-0331
vince@sowerbylaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel in the foregoing matter with a copy of the foregoing pleading, by depositing same in the United States mail with adequate postage affixed thereto, properly addressed to:
- John S. Myers, County Attorney, P.O. Box 99, 200 East Fourth Street, Woodbine, Georgia 31569
- Johnnie M. Thomas-Duchene, P.O. Box 127, Woodbine, GA 31569
This 18th  day of March, 2020.

Vincent D. Sowerby

EXHIBIT C
Pg 3

# EXHIBIT D

- Dated/SO ORDERED 3rd November, 2020 by Robert C. Sweatt, Jr., Probate Judge, RE: NOTICE OF HEARING: Petition for Letters of Administration; Motion to Replace Administrator and for Contempt; Objection (1 page)

IN THE PROBATE COURT OF CAMDEN COUNTY
STATE OF GEORGIA

RE: Irene D. Thomas                    No. 2018P158

## NOTICE OF HEARING

WHEREAS a **Petition for Letters of Administration** was filed in this court by Alvin Thomas, on October 1, 2018;

WHEREAS an **Motion to Replace Administrator and for Contempt** was filed in this court by Alvin D. Thomas, on February 6, 2020;

WHEREAS an **Objection** to Appointment of Johnnie Thomas as Administratrix was filed in this Court by Alvin Thomas, on March 20, 2020

Therefore, it is the Order of the Court that **ALL PARTIES,** be present at the hearing on Tuesday, December 8th, 2020 at 11:00 a.m. at the Probate Court Courtroom, Camden County Courthouse, 210 East 4th Street, Woodbine, Georgia

**SO ORDERED THIS** 3rd day of November, 2020

Robert C. Sweatt, Jr.
Probate Judge

EXHIBIT D
Pg 1

# EXHIBIT E

- DATED AUGUST 31, 2022 JUDGE SWEATT'S FINAL ORDER
  which also includes RELEASING JOHN MYERS FROM
  FURTHER OBLIGATIONS REGARDING IRENE D THOMAS
  ESTATE (4 pages)

IN THE PROBATE COURT OF CAMDEN COUNTY
STATE OF GEORGIA

IN RE:  ESTATE OF IRENE D. THOMAS, Deceased.

Case No.: 2019P158

---

### FINAL ORDER

This case came on for hearing on August 30, 2022 pursuant to a notice which the clerk of court handed to the heir Ms. Johnnie M. Duchene-Thomas and for which she signed as having received; however she did not appear at the hearing.  The heir Mr. Alvin Thomas, his attorney Vince Sowerby and Administrator John Myers did appear.  The court now makes the following findings of fact:

1.  The decedent Irene Thomas departed this life on June 30, 2017 owning both real and personal property and having two heirs, namely her children Alvin Thomas and Johnnie M. Duchene-Thomas.  Alvin Thomas petitioned the court to appoint either his sister or the county administrator as administrator of the decedent's estate.  The court appointed John Myers, County Administrator and County Attorney, as it appeared Ms. Thomas would have a conflict of interest.

2.  At a hearing on December 8, 2020, the court received evidence from both Mr. Myers and Ms. Thomas as to assets of the decedent's estate.  Mr. Myers reported that the decedent owned the fee simple interest, debt free, in two parcels of real property, namely 494 Village Way, Woodbine, Georgia and 3130 Wedgewood Drive, Macon, Georgia as well as an undivided one-third interest in 3121 Wedgewood Drive, Macon, Georgia and

**EXHIBIT E**
**PAGE 1 of 4**

that she might have an interest certain other "heir property"[1] in Georgia and South Carolina. Ms. Thomas testified extensively as to various other assets held by her mother over which she had exercised dominion and control, both before her death and after her death.

2. The court ordered Ms. Thomas to account for her activities with respect to the decedent's assets. She failed to do so. The court held her in contempt for having failed to comply with that order. She still failed to make any accounting. Ms. Thomas has not appeared for any court hearing since December 8, 2020 despite having received notice of each hearing. The court finds as fact the she has intentionally hindered the administration of the estate and actively prevented the administrator from discovering what assets the decedent had at the time of her death and what assets of the decedent she has converted to her own use. The court finds that her conduct has made it impossible to determine the value of the estate, what its assets may or may not be or the value of the assets she has converted to her own use. In this regard, the court finds as fact that she has been in control of the two properties in Macon, has been receiving the rents thereon, has been residing in or otherwise has been in sole possession of the decedent's house at 494 Village Drive, Woodbine for the last five years and that she has made not made any payments to the Administrator or otherwise make any accounting with respect any of

---

[1] For a person to have an interest in "heir property" means that a person might be an heir to someone who died, but whose interest in land was never conveyed out of that decedent's name after their death and thus may have an interest in that property. This court has no jurisdiction to determine whether Irene Thomas did or did not have any such interest.

**EXHIBIT E**
**PAGE 2 of 4**

these matters.   The court notes that Mr. Alvin Thomas claims to have made various

monetary payments in an attempt to preserve the real property assets of the estate.

    3.  The court finds that the real properties are approximately valued as follows by

the tax assessors:

      - 494 Village Drive - $365,000
      - 3130 Wedgewood Drive - $80,000
      - 3121 Wedgewood Drive - $132,000, one-third of which is $44,000.

    4.  Given the facts set forth above, in order to distribute this estate as equally as

possible between the two heirs, the court ORDERS the Administrator John Myers to

prepare and execute two deeds and to deliver them to the clerk of this court as follows:

    - a deed conveying the fee simple interest in 494 Village Drive to Alvin Thomas;

    - a deed conveying the fee simple interest in 3130 Wedgewood Drive and the

decedent's one-third interest in 3121 Wedgewood Drive to Johnnie M. Ducheme-

Thomas, and

    5.  Thirty days after entry of this order, if no notice of appeal has been filed, the

Clerk is ordered to deliver the deed in favor of Mr. Thomas to his attorney for him to

record it upon the public land records and the deed in favor of Ms. Thomas to her for her

to record it upon the public land records.[2]  If, however, a notice of appeal is filed, then the

Clerk is directed to retain possession of the deeds until further order of the court.

---

[2] The court notes that Ms. Duchene-Thomas has given the clerk multiple addresses
and that Ms. Duchene-Thomas has claimed not to receive notices mailed to one or more
of those addresses.  Therefore, the Clerk is directed to mail a notice to her at every
address the Clerk has for her to notify her that the deed is available at the Clerk's office
for her to pick up.

**EXHIBIT E**
**PAGE 3 of 4**

6. Ms. Duchene-Thomas is ORDERED to vacate 494 Village Drive, Woodbine within thirty days of the entry of this order and to remove whatever personal property she wishes from the premises. Any personal property left on the premises shall be forfeited to Mr. Thomas who may then dispose of it at his discretion. Ms. Duchene-Thomas is ORDERED not to vandalize the property or otherwise cause any damage to it.

7. This is a final order. All known assets of the estate will be distributed to the heirs as equally as the court is able to fathom. Unless a party files a motion to enforce this order, there is no issue remaining for the court to decide. If no notice of appeal is filed, Mr. Myers is discharged from his duties as administrator.

SO ORDERED, this 31st day of ___August___, 2022.

_____
Robert C. Sweatt, Jr.
Probate Judge
Camden County, Georgia

Order Prepared By:
Vincent D. Sowerby
Attorney for Petitioner Alvin Thomas

**EXHIBIT E**
**PAGE 4 of 4**

# EXHIBIT F

- Dated 30th November 2022 from Vincent D Sowerby, RE: AMENDED AND RECASE MOTION REGARDING ADMINISTRATOR (6 pages)

IN RE: ESTATE OF IRENE D. THOMAS, Deceased.

Case No.: SUCV2022 000769

---

## AMENDED AND RECAST MOTION REGARDING ADMINISTRATOR

Alvin D. Thomas, heir of the decedent Irene Thomas, hereby amends and recasts his Motion Regarding Administrator to correct errors and to re-number the exhibits so that they correspond to his Motion to Consolidate filed in this case and his Amendment to Complaint in his action against his sister and her corporation in case number SUCV 2021 000940 in this court. He moves the court to make Administrator John Myers do his job either via mandamus or contempt or to remove him as administrator for non-feasance and malfeasance of office as follows:

1. Movant petitioned the probate court to appoint an administrator for the estate of his mother on October 1, 2018. The petition was granted and John S. Myers was appointed on December 5, 2018.

2. The order of appointment did not waive the filing of reports, returns and inventories.

3. Pursuant to O.C.G.A. §53-7-30, the administrator should have filed the inventory within six months, or by June 5, 2019. No written inventory has been provided, despite the Probate Court order of October 24, 2019 requiring him to file one within 60 days.

*EXHIBIT F*
*Pg 1*

853-7-32.

5. Movant has advised the administrator of his knowledge of all assets of the decedent and of the actions of his sister, Johnnie M. Thomas-Duchene[1], in appropriating to her own use and benefit assets and income of the estate. The Administrator has done nothing to secure these assets or recover the income.

6. Administrator Myers incorrectly reported to the Probate Court that the decedent's estate, Alvin Thomas and Johnnie M. Thomas-Duchene each had an undivided one-third interest in property known as 3121 Wedgewood Drive. He was incorrect, because Irene Thomas had an undivided one-half interest while Alvin Thomas and Johnnie M. Thomas-Duchene each have an undivided one-fourth interests per Exhibits E-1, E-2 and E-5. As a result of his report, the Probate Court entered an order awarding "the decedent's one-third interest in 3121 Wedgewood Drive to Johnnie M. Ducheme-Thomas" [sic].

7. The decedent's home was 494 Village Drive, Woodbine. It is titled solely in her name. (Deed attached as Exhibit F.) Johnnie M. Thomas-Duchene has had exclusive use and possession thereof since the decedent's death. She owes the estate the fair rental value of that property and may even have received rents herself, yet the Administrator Myers has done nothing about it. His failure to act is harmful to the estate and

---

[1]In her filings of documents in this court, she usually refers to herself as Johnnie Marene Thomas or Johnnie M. Thomas.

*EXHIBIT F*
*Pg 2*

the decedent had the same interest in property known as 3130 Wedgewood Drive, Macon, Georgia. (Deed attached as Exhibit G.) See paragraphs 12 through 15 below.

9.  More specifically, the decedent and therefore the estate owns property in South Carolina. (Deed attached as Exhibit H.) Administrator Myers incorrectly reported this property to the Probate Court as "heirs property", so no disposition thereof was made and it remains property of the estate. It should be sold.

10.  Upon information and belief, Alvin Thomas shows that Johnnie M. Thomas-Duchene and/or her corporation Above The Sea Essentials Investors, Inc. received all the proceeds from the harvest of timber off the South Carolina parcels. Those proceeds were assets of the estate and the Administrator Myers has done nothing to collect them.

11.  The decedent had vehicles of which Johnnie M. Thomas-Duchene has had exclusive use and possession since the decedent's death, yet Administrator Myers has done nothing to secure that property for the estate or to collect the fair rental value thereof.

12.  Per Exhibit I, in 2008, Johnnie M. Thomas "d/b/a Above The Sea Essentials Investors, Inc." contracted with Willingham Loan & Realty Company to rent out 3130 Wedgewood Drive and 3121 Wedgewood Drive.

13.  Johnnie M. Thomas-Duchene and her corporation, Above The Sea Essentials Investors, Inc., have received all the net income generated by the rental of these

EXHIBIT F
Pg 3

14.  Exhibit I shows that 3130 Wedgewood generated $85,836.00 income since 2008.  Since Irene Thomas' death on June 30, 2017, the income owed to her estate has been $33,103.63, but nothing was paid to it.  $85,836 minus $33,103.62 leaves $52,732.38 that Johnnie M. Thomas-Duchene stole from Irene during her lifetime such that Administrator Myers ought to sue her on behalf of the estate to recover that sum.

15.  Since 2008, Exhibit I shows that 3121 Wedgewood generated $122,597.50.  Half of that should have been paid either to Irene during her life time or to her estate after her death, while one-fourth of it ($30,649.37) should have been paid to Alvin Thomas.

16.  Per Exhibit I, Willingham Realty is currently holding the sum of $7,929.62.  What portion of that $7,929.62 belongs to estate or to Alvin Thomas or to Johnnie M. Thomas-Duchene is not shown on the exhibit nor does the exhibit show whether that sum was generated by 3130 Wedgewood or 3121 Wedgewood.

17.  Johnnie M. Thomas-Duchene has not paid any rent to the estate for her exclusive use and possession of Irene's homeplace (494 Village Drive, Woodbine)or her two vehicles.  Administrator Myers has done nothing about it.

18.  The estate has many claims against Johnnie Duchene-Thomas, but the administrator has done nothing.

19. Administrator Myers has been made aware of these matters and asked to

---

[2] Undersigned counsel has done the math and found that Exhibit I has discrepancies.  The numbers just do not add up.

*Exhibit F*
*Pg 4*

20. Taxes are currently due on these properties. Administrator Myers has done

nothing to pay them or to marshal assets with which they could be paid.

WHEREFORE, Alvin Thomas moves for an order commanding Administrator

Myers to account for his actions and inactions as administrator, to file an inventory and to

pursue the claims of the estate against Johnnie M. Thomas-Duchene, Above The Sea

Essentials Investors, Inc., Willingham Loan and Realty Company and any other person

against whom the estate may have claims, to sell the South Carolina property and 3130

Wedgewood Drive, or alternatively remove him and appoint Movant as Administrator or

alternatively, grant the motion to consolidate and allow Alvin Thomas to pursue these

claims.

This 30th day of November, 2022.

/s/ Vincent D. Sowerby
Vincent D. Sowerby
Attorney for Alvin Thomas
Ga. Bar No: 668750

P.O. Box 539
Brunswick, GA 31521-0539
Tel: 912-280-0330
Fax: 912-280-0331
vince@sowerbylaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the parties with a copy of the foregoing

motion and brief by depositing same in the United States mail with adequate postage

*EXHIBIT F*
*Pg 5*

Johnnie Thomas
1601 GA Hwy 40-E, Ste. M-235
Kingsland, GA 31548
(This is the address she put on her notice of appeal)

John S. Myers, Administrator of the Estate of Irene Thomas,
By Statutory Electronic Service to countyattorney@co.camden.ga.us

This 30th day of November, 2022.

/s/ Vincent D. Sowerby
Vincent D. Sowerby
Attorney for Alvin Thomas
Ga. Bar No.: 668750

P.O. Box 539
Brunswick, GA 31521-0539
912-280-0330
vince@sowerbylaw.com

EXHIBIT F
PG 6