# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JOHNNIE MARENE THOMAS,

    Plaintiff,

    v.

JOHN S. MYERS, in his
individual capacity,

    Defendant.

2:22-CV-147

## ORDER

Before the Court is a motion to dismiss and a motion for more definite statement filed by Defendant John Myers.  Dkt. Nos. 12, 13.  Plaintiff Johnnie Thomas filed a response, dkt. no. 14, and the motions are ripe for review.

## BACKGROUND[1]

### I.  Factual Background

Plaintiff, proceeding *pro se*, initiated this action against Defendant in his individual capacity on December 21, 2022.  Dkt. No. 1.  In her complaint, Plaintiff alleges Defendant, who is the

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).  Additionally, the Court is required to liberally construe *pro se* complaints.  Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

county attorney for Camden County, Georgia, was "unlawfully" appointed as administrator of her late mother's estate by probate judge Robert Sweatt, Jr. on December 5, 2018. Id. at 2. She asserts that she never elected Defendant to serve as administrator and that his appointment violates the Georgia Probate Code. Id.

Plaintiff asserts a claim for violation of her due process rights in violation of the Fourteenth Amendment. Dkt. No. 1 at 1; see also Dkt. No. 1-1 at 1 (civil cover sheet stating "14th Amendment Violation 'Constitutional Tort'" as the cause of action). She also might assert state law claims for "emotional pain, mental anguish, humiliation, inconvenience, loss of pride and other damages." Dkt. No. 1 at 2. She demands fifty million dollars in compensatory damages, fifty million dollars in punitive damages, and a permanent injunction to bar Defendant from being the administrator of Plaintiff's mother's estate. Id. at 2-3.

## II. **Procedural Background**

Plaintiff served Defendant with process on December 30, 2022. Dkt. No. 5. Defendant's response was therefore due on January 20, 2023. See id. However, Defendant moved for additional time within which to respond. Id. On January 31, 2023, the Court issued an Order granting Defendant an extension through the following day, February 1, 2023. Dkt. No. 9. Defendant missed the deadline. On February 9, 2023, Plaintiff filed a "Memorandum of Law to Support

2

Plaintiff's Motion for Default." Dkt. No. 10. However, on February 10, 2023, before default could be entered, Defendant moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Dkt. No. 11. Three days later, on February 13, 2023, Defendant filed a motion to dismiss and a motion for more definite statement. Dkt. Nos. 12, 13. On February 16, 2023, Plaintiff filed a response to the motion to dismiss. Dkt. No. 14. Her response was largely unresponsive to Defendant's motions; instead, Plaintiff argued that default judgment should be entered against Defendant for failure to file a timely answer. Id.

Because default had not been entered against Defendant, the Court construed Defendant's motion for relief from judgment as one requesting another extension of time so that his response to Plaintiff's complaint would be deemed timely filed. See Dkt. No. 15 at 1 (Order dated Feb. 17, 2023). The Court considered the four excusable neglect factors of Federal Rule of Civil Procedure 6(b)(1)(B) and determined that Defendant's failure to timely file a response to Plaintiff's complaint was the result of inadvertence and excusable neglect sufficient for purposes of Rule 6(b)(1)(B). Id. at 3. Defendant's motion to dismiss and motion for more definite statement were thus deemed timely filed. Id. The Court also gave Plaintiff fourteen days to file a supplemental response to Defendant's motions. Id. Plaintiff did not do so. Instead, on March 1, 2023, Plaintiff filed a notice of interlocutory appeal

of the Court's February 17, 2023 Order.  Dkt. No. 16.  The appeal
was recently dismissed for lack of appellate jurisdiction by the
Court of Appeals.  <u>See</u> Dkt. No. 22.

The Court now turns to the pending motions.  Defendant moves
to dismiss Plaintiff's complaint for lack of subject matter
jurisdiction, pursuant to Federal Rule of Civil Procedure
12(b)(1), dkt. no. 12 at 2, lack of personal jurisdiction, pursuant
to Federal Rule of Civil Procedure 12(b)(2), <u>id.</u>, and failure to
state a claim upon which relief can be granted, pursuant to Federal
Rule of Civil Procedure 12(b)(6), <u>id.</u> at 4.  Defendant also moves—
presumably in the alternative—for a more definite statement of
Plaintiff's claims.  Dkt. No. 13.

## LEGAL STANDARD

Federal courts have limited jurisdiction.  <u>Ishler v. Internal
Revenue</u>, 237 F. App'x 394, 395 (11th Cir. 2007) (citing <u>Bochese v.
Town of Ponce Inlet</u>, 405 F.3d 964, 974 (11th Cir. 2005)).  The
plaintiff bears the burden of establishing the court's subject
matter jurisdiction.  <u>Id.</u>  Under Federal Rule of Civil Procedure
12(b)(1), there are two types of motions to dismiss for lack of
subject matter jurisdiction—facial attacks and factual attacks.
<u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 925 n.5 (11th Cir. 2003)
(citing <u>Lawrence v. Dubar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990)).
"Facial attacks challenge subject matter jurisdiction based on
allegations in the complaint, and the district court takes the

allegations as true in deciding whether to grant the motion." <u>Id.</u>
"Factual attacks challenge subject matter jurisdiction in fact,
irrespective of the pleadings." <u>Id.</u>  "In resolving a factual
attack, the district court may consider extrinsic evidence such as
testimony and affidavits." <u>Id.</u>

### DISCUSSION

I.   **Defendant's Motion to Dismiss**

   **A. Subject Matter Jurisdiction**

In his motion to dismiss, Defendant first asserts Plaintiff
does not "state a claim upon which subject-matter jurisdiction
lies."  Dkt. No. 12 at 2.  He argues that Judge Sweatt's order
appointing him as administrator is subject to appeal only to the
Georgia Supreme Court.  <u>Id.</u> (citing O.C.G.A. § 5-3-2 ("[A]n appeal
shall lie to the superior court from any decision made by the
probate court . . . .")).  Yet, Defendant does not explain or cite
authority for the proposition that § 5-3-2 deprives this Court of
subject matter jurisdiction.  Nevertheless, the Court has
undertaken its own analysis of subject matter jurisdiction, which
indeed reveals jurisdiction is lacking.  <u>DeRoy v. Carnival Corp.</u>,
963 F.3d 1302, 1311 (11th Cir. 2020) ("Federal courts have an
obligation to examine *sua sponte* their own jurisdiction over a
case, notwithstanding the contentions of the parties.").

"In determining whether the district court ha[s] subject matter jurisdiction, we respect the important distinction between the lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted." Resnick v. KrunchCash, LLC, 34 F.4th 1028, 1034 (11th Cir. 2022) (quoting Blue Cross & Blue Shield v. Sanders, 138 F.3d 1347, 1351–52 (11th Cir. 1998)). "[T]he Supreme Court explored this distinction in Bell v. Hood." Id. (citing 327 U.S. 678 (1946)).  "The Court explained that a complaint should not be dismissed for lack of subject matter jurisdiction if 'the right of the [plaintiffs] to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another.'" Id. (quoting Bell, 327 U.S. at 685). The Eleventh Circuit has explained:

> A federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous.

Id. (quoting Sanders, 138 F.3d at 1352 (quoting Bell, 327 U.S. at 682–83)).

"As Sanders suggests, the category of claims that are 'wholly insubstantial and frivolous' is exceedingly narrow." Id. (citing Delta Coal Program v. Libman, 743 F.2d 852, 855 n.4 (11th Cir.

1984) (explaining that "Bell limited such dismissals to occasions when the federal claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous'"); Davis v. Wells Fargo, 824 F.3d 333, 349-50 (3rd Cir. 2016) (concluding that "Rule 12(b)(1) must not be expanded beyond its proper purpose," and that Bell applies "in only narrow categories of cases"); Carrier Corp. v. Outokumpu Oyj, 673 F.3d 430, 443 (6th Cir. 2012) (explaining that the "rare exception created by Bell" is "quite narrow and ordinarily reserved for extremely weak claims")).  "To strip a district court of subject matter jurisdiction, a plaintiff's federal claim must have 'no plausible foundation, or [ ] the court [must] conclude[ ] that a prior Supreme Court decision clearly forecloses the claim.'"  Id. at 1035 (quoting Barnett v. Bailey, 956 F.2d 1036, 1041 (11th Cir. 1992) (quotation marks omitted)) (also citing McGinnis v. Ingram Equip. Co., 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc) ("The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather the test is whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.") (quotation marks and citations omitted)).

The Court now turns to Plaintiff's Fourteenth Amendment due process claim—Plaintiff's only federal claim.  In her complaint, Plaintiff alleges that Defendant, a county attorney, was unlawfully appointed administrator of her late mother's estate. See generally Dkt. No. 1.  Plaintiff asserts Defendant "is a state actor" who deprived her of her due process rights.  Id. at 1.  The Court construes Plaintiff's statements as pleading a constitutional violation pursuant to 42 U.S.C. § 1983.  It is unclear, however, whether Plaintiff brings a procedural due process claim or a substantive one.  See id. (stating that she "never elected [Defendant] to become the administrator of [her] deceased [mother's] estate," which might indicate a procedural claim, but also stating Defendant committed a "constitutional tort," which might indicate a substantive claim).

The Court finds, however, that it need not determine whether Plaintiff's claim is procedural or substantive in nature.  To succeed on either such claim, Plaintiff must show government or "state" action.  See, e.g., Resnick, 34 F.4th at 1035 (procedural due process); Executive 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1541 (11th Cir. 1991) (substantive due process).  Plaintiff cannot do so.

The holding of the Supreme Court in Polk County v. Dodson, 454 U.S. 312 (1981), "destroys any credibility that [Plaintiff's]

assertion may have enjoyed." <u>Loyd v. Loyd</u>, 731 F.2d 393, 398 (7th Cir. 1984).  "In <u>Polk County</u>, the Court held that a public defender, appointed by a trial court to perform the traditional functions of a lawyer in the representation of an indigent criminal defendant, does not act 'under color of state law.'"  <u>Id.</u>; <u>see also</u> <u>French v. Corrigan</u>, 432 F.2d 1211, 1214 (7th Cir. 1970) (same), cert. denied, 401 U.S. 915 (1971); <u>Page v. Sharpe</u>, 487 F.2d 567, 570 (1st Cir. 1973) (same); <u>Barnes v. Dorsey</u>, 480 F.2d 1057, 1060-61 (8th Cir. 1973) (same); <u>Szijarto v. Legeman</u>, 466 F.2d 864 (9th Cir. 1972) (same).  "[A]ppointed attorneys are not functionaries of the state but were provided in their private capacity acting on plaintiff's behalf."  <u>Loyd</u>, 731 F.2d at 398.  "[O]f course, . . . in the case of the personal representative, the fiduciary is protecting interests of the creditors and, indeed, the state, insofar as obligations to the state are concerned, but nevertheless the personal representatives are acting in *a private capacity and not as functionaries of the state*."  <u>Id.</u> (emphasis added).  Therefore, even though Defendant, a county attorney, was appointed to serve as executor of Plaintiff's late mother's estate, he was acting in a private capacity and not as a functionary of the state.  <u>Loyd</u>, 731 F.2d at 398; <u>see also</u> <u>Polk</u>, 454 U.S. at 325 ("a public defender does not act under color of state law when

performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

"Clearly, a private individual cannot be liable under § 1983 unless he or she acted 'under color' of state law, and the Supreme Court has consistently held that conduct allegedly causing a deprivation of a federal constitutional right must be fairly attributable to a state." Howard v. Brown, 738 F. Supp. 508, 509 (S.D. Ga. 1988) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). "Because the due process . . . clauses limit only the power *of government*," id. (emphasis added), Plaintiff's inability to plead plausible state action on the part of Defendant as an appointed estate executor means her claim fails right out of the gate. See, e.g., Ganoe v. Lummis, 662 F. Supp. 718, 722 (S.D.N.Y. 1987) (action taken by administrator of estate not state action), aff'd mem., 841 F.2d 1116 (2d Cir.), cert. denied, 487 U.S. 1206 (1988); Gregory-Rogers v. McElroy, No. 2:18-CV-01377-KOB, 2019 WL 11542329, at *2 (N.D. Ala. Mar. 7, 2019) (same).

Moreover, even if Defendant were capable of being sued as an estate administrator, Plaintiff's due process claim still fails to satisfy subject matter jurisdiction requirements. In her complaint, Plaintiff states this Court has subject matter jurisdiction based on the existence of a federal question. Dkt. No. 1 at 2; Dkt. No. 1-1 at 1. The federal question statute, 28

U.S.C. § 1331, provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Here, Plaintiff's due process claim appears to be based on violation not of a federal law but the Georgia Probate Code.  Dkt. No. 1 at 2 (asserting that Defendant's appointment was "unconstitutional [] pursuant to the Official Georgia Probate Code").

In order for a state law claim to confer federal subject matter jurisdiction, "the state-law claim must 'really and substantially involve[] a dispute or controversy respecting the validity, construction or effect of [federal] law.'"  Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting Mobil Oil Corp v. Coastal Petroleum Co., 671 F.2d 419, 422 (11th Cir. 1982)).  The Court can discern no substantial dispute or controversy involving federal law in this case, and, besides conclusory statements, Plaintiff points to no federal constitutional deprivation or constitutional violation to confer subject matter jurisdiction on this Court.  See generally Dkt. No. 1.

The Court concludes Plaintiff's due process claim against Defendant, an appointed attorney, is foreclosed by the Supreme Court's decision in Polk.  Therefore, there is no constitutional violation on which to premise federal jurisdiction.  Howard, 738

F. Supp. at 509.  Because Plaintiff's only federal claim is wholly without merit, Resnick, 34 F.4th at 1034, this Court lacks subject matter jurisdiction.   This case is therefore **DISMISSED without prejudice** on that basis.  Yeh Ho v. Sabocik, 775 F. App'x 551, 555 (11th Cir. 2019) (noting that where, as here, a case is dismissed for lack of subject matter jurisdiction, the dismissal is "without prejudice").  Defendant's motion to dismiss, dkt. no. 12, is **DENIED as moot.**

### B. Plaintiff's State Law Claims

For the sake of thoroughness, the Court expressly concludes it cannot exercise pendent jurisdiction over Plaintiff's state law claims for "emotional pain, mental anguish, humiliation, inconvenience, loss of pride and other damages."  Dkt. No. 1 at 2. "Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim 'arising under (the) Constitution, the Laws of the United States, and Treaties . . .' and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"  United Mine Workers of Am. V. Gibbs, 383 U.S. 715, 725 (1966) (internal citation omitted).  Importantly, "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court."  Id. (citing Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 108 (1933)).

Here, there exists no federal claim sufficient in substance to confer subject matter jurisdiction on this Court.  See supra. As such, the Court cannot exercise pendent jurisdiction over Plaintiff's state law claims.

### C. Defendant's Other Grounds for Dismissal

The Court having found it lacks subject matter jurisdiction over this case, the Court will not undertake an analysis of Defendant's other grounds for dismissal, i.e. lack of personal jurisdiction and failure to state a claim for which relief can be granted.  See generally Dkt. No. 12.

### II.  Defendant's Motion for a More Definite Statement

Presumably in the alternative to Defendant's motion to dismiss, he moves for a more definite statement.  Dkt. No. 13. However, in light of the Court's finding that it lacks subject matter jurisdiction over Plaintiff's claims, Defendant's motion for a more definite statement is **DENIED as moot.**

### III. Futility of Amendment

Though Plaintiff has not moved for leave to amend her complaint, the Court will address whether an amendment is warranted.

"Generally, leave to amend should be freely given." Hill v. Cash Am. E. Inc., No. 3:22cv6019, 2023 WL 2574027, at *1 (N.D. Fla. Mar. 20, 2023) (citing Fed. R. Civ. P. 15(a)(2)).  In

situations where a complaint could be dismissed *with prejudice* for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must allow a *pro se* plaintiff "at least one chance to amend the complaint" "[w]here a more carefully drafted complaint might state a claim." Lee v. Alachua Cnty., Fla., 461 F. App'x 859, 860 (11th Cir. 2012); see also Bank v. Pitt, 928 F.2d 1108, 1112-13 (11th Cir. 1991). The reasoning behind such a rule makes sense—it would be harsh to dismiss a *pro se* plaintiff's complaint *with prejudice* if, given another opportunity, she could state a claim for relief. Here, however, Plaintiff's complaint is being dismissed not for failure to state a claim under Rule 12(b)(6) but for lack of subject matter jurisdiction under Rule 12(b)(1), which is a dismissal *without prejudice*. Yeh Ho, 775 F. App'x at 555. Therefore, the policy considerations supporting a *pro se* plaintiff's opportunity to amend do not apply squarely to this case.

Nevertheless, plenty of courts, faced with dismissing a case for lack of subject matter jurisdiction, have analyzed proposed amended complaints to see if the plaintiff had pleaded claims sufficient to support subject matter jurisdiction. See, e.g., Hill, 2023 WL 2574027, at *1; Smart Pharmacy, Inc v. Bono, No. 3:18-CV-525-J-39JBT, 2019 WL 13064754, at *5 (M.D. Fla. Sept. 13, 2019); Highland Trucking, LLC v. Fleetmatics, No. 2:18-CV-1123-KOB, 2019 WL 294319, at *1 (N.D. Ala. Jan. 23, 2019); but see Fed.

R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Twin City Fire Ins. Co. v. United States, No. 8:15-CV-1694-T-33AEP, 2015 WL 6438410, at *3 (M.D. Fla. Oct. 21, 2015) ("[T]he Court determines it lacks subject-matter jurisdiction over the instant action. It would therefore be inappropriate for this Court to rule on the Motion for Leave to Amend after having determined subject-matter jurisdiction is lacking.").   Again, Plaintiff here has not moved for leave to amend her complaint. Moreover, the Court has not found authority requiring a district court to *sua sponte* give a *pro se* plaintiff an opportunity to amend her complaint where subject matter jurisdiction is lacking.

Even if the Court were generally required to give Plaintiff an opportunity to amend when subject matter jurisdiction is lacking, "a district court need not allow any amendment where amendment would be futile." Lee, 461 F. App'x at 860 (citing Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)).   Plaintiff's due process claim rests on Defendant's alleged unlawful appointment as representative of Plaintiff's mother's estate. As concluded supra, Plaintiff's due process claim is foreclosed by the Supreme Court's decision in Polk.   Thus, a "more carefully drafted complaint" based on Defendant's representation of the estate would be futile.   Accord Veal v. Deutsche Bank Nat'l Trust Co., No. 1:13-cv-3610-WSD, 2014 WL

3611743, at *5 (N.D. Ga. July 17, 2014) (dismissing pro se plaintiffs' complaint with prejudice because they "cannot state a claim for violation of the [Fair Debt Collection Practices Act] based on the judicial dispossessory and eviction proceedings"). Therefore, no amendment will be permitted.

**CONCLUSION**

Because Plaintiff's due process claim—her only federal claim— is wholly without merit, this case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.  Defendant's motions, dkt. nos. 12, 13, are therefore **DENIED as moot**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 5th day of June, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA